UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLYDE EDWARD WALCOTT, JR., and
CONNIE SUE WALCOTT, his wife,

    Plaintiffs,

v.                                          Case No:   6:14-cv-1978-Orl-37TBS

MCLANE/SUNEAST, INC.,

    Defendant.

## ORDER

This case is before the Court on Plaintiffs' Clyde Edward Wallcott, Jr. and Connie Sue Walcott, and Defendant McLane/SunEast, Inc.'s Joint Motion to Extend the Discovery Cut-Off and Mediation Deadlines (Doc. 21).

Plaintiff alleges that as a consequence of Defendant's negligence, he suffered a traumatic brain injury on July 22, 2013, that has rendered him unable to work for the rest of his life (Id., ¶¶ 1-2). Plaintiffs filed this lawsuit in state court on September 29, 2014 (Doc. 2-1 at 2). Defendant was served on November 10, 2014, and removed the case to this Court on November 28, 2014 (Doc. 3 at 1; Doc. 1). In its Notice of Removal, Defendant argued that the alleged severity of Plaintiff's injuries supported a conclusion "beyond all doubt" that the amount in controversy exceeds $75,000 (Doc. 1, ¶¶ 10-12). Defendant also alleged that it was in possession of medical bills for 4 of 7 doctors and medical facilities that had treated Plaintiff, and that it was in possession of medical records from 3 additional providers (Id., ¶ 11 and n. 1).

The parties filed their Case Management Report on February 2, 2015 (Doc. 13). At that time, they agreed that Plaintiffs would disclose their expert reports by May 1,

2015; Defendant would disclose its expert reports by June 1, 2015; the dispositive motions deadline should be July 1, 2015; they would mediate the case by July 15, 2015; and all discovery would be completed by August 1, 2015 (Doc. 13 at 1-2).  The Court accepted the parties' proposed schedule with slight modifications.  On February 10, 2015, it entered its Case Management and Scheduling Order establishing the following deadlines: May 1, 2015 for the disclosure of Plaintiffs' expert reports; June 1, 2015 for disclosure of Defendant's expert reports; July 1, 2015 to complete all discovery; July 15, 2015 to mediate the case; and August 3, 2015 to file dispositive motions (Doc. 14).

On April 17, 2015, the parties filed a joint motion to extend the time within to disclose their expert witness reports (Doc. 19).  They alleged that they each had multiple experts who needed to inspect the scene of the accident, examine Plaintiff, review voluminous medical records, and write reports (Id., ¶¶ 4-5).  Defendant also said it was awaiting responses to subpoenas for medical records (Id., ¶ 5).  Under the circumstances, the parties asked the Court to extend the deadlines to disclose expert reports to June 1 for Plaintiffs and July 1 for Defendant (Id., ¶ 6).  The Court granted the motion (Doc. 20).

Now the parties seek a further enlargement of time to conduct mediation and complete discovery (Doc. 21).  They allege that at least 11 doctors have treated Plaintiff and he has retained 3 additional experts to testify at trial (Id., ¶ 5).  They also allege that thousands of pages of medical records still need to be analyzed, Defendant is still waiting for responses to subpoenas for medical records possessed by doctors, hospitals, clinics, and pharmacies, depositions remain to be scheduled and taken, considerable travel will be required to complete discovery, and counsel have prearranged vacation plans in July (Id., ¶¶ 6-8).  Notwithstanding the fact that it was a problem of their own making, the

parties also argue that "[s]ince the discovery deadline is the same date as the date for Defendant to disclose their [sic] expert reports there will not be enough time for either party to adequately prepare for these important depositions." (Id., ¶ 7).   Then they aver incorrectly that "[t]he reports of Defendant's expert witnesses are not even due until after the discovery cut-off date." (Id., at 4).

It appears that the parties, with full knowledge of the seriousness of this case, proposed an overly aggressive case management schedule for themselves.   Now they are unable to complete discovery by the current deadlines and they allege that without additional discovery, mediation will be futile (Id., ¶ 9).   While the Court is not unsympathetic to the parties' problems, they are responsible for the situation in which they find themselves.   Nevertheless, after due consideration, the motion is **GRANTED** as follows:

(1) The deadline to complete all discovery is extended through August 15, 2015.

(2) The deadline to mediate the case is extended through September 1, 2015.

(3) No other case deadlines are changed.

(4) This Order cannot be cited as grounds to extend any other case deadline.

(5) Discovery conducted after the August 3, 2015 deadline for filing dispostive motions cannot be used to support or defend a dispositive motion.

**DONE** and **ORDERED** in Orlando, Florida on May 14, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 3 -